IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA for the use of UTILITY SERVICES CORPORATION, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NUMBER<br>)<br>) 99-C-2158-NE |
| J.L. MALONE ASSOCIATES, INC. and HARTFORD FIRE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION GRANTING PARTIAL
SUMMARY JUDGMENT**

On August 18, 1999, plaintiff Utility Service Corporation brought this action alleging that defendants J.L. Malone & Associates, Inc.("JLM") and Hartford Fire Insurance Company ("Hartford") violated the Miller Act and that defendant JLM violated the Alabama Timely Payment to Contractors and Subcontractors Act. On September 13, 1999, defendants filed a Motion to Dismiss, or, in the alternative, for Summary Judgment. On September 24, 1999, plaintiff amended its complaint to add a breach of contract, work and labor done, and quantum merit claim against JLM. Defendant JLM concedes that its pending motion should be properly treated as one for partial summary judgment in light of plaintiff's amendment.

Upon careful consideration of all submitted materials, the Court concludes that Defendant Hartford is entitled to summary judgment on plaintiff's Miller Act claim and Defendant JLM is entitled to partial summary judgment on plaintiff's Miller Act and Alabama Timely Payment to Contractors and Subcontractors Act claims.

## I. BACKGROUND

JLM was the prime contractor for the United States Government on a contract for electrical utility services on Redstone Arsenal. Hartford furnished a performance and payment bond under the Contract.

On or about February 13, 1995, JLM and plaintiff entered into a subcontracting agreement. This action results from a dispute regarding the balance due on the subcontract.

## II. LEGAL STANDARDS

The law governing summary judgment is well settled. Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, the movant is entitled to judgment as a matter of law. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Once the movant has met its burden of establishing the lack of a genuine issue as to any material facts, the non-moving party must come forward with significant, probative evidence demonstrating the existence of a triable issue of material fact. See Chanel, Inc. v. Italian Activewear, Inc., 931 F.2d 1472, 1477 (11th Cir. 1991). The court must view the facts in a light favorable to the non-moving party.

## III. DISCUSSION

The only claims before the Court on summary judgment are plaintiff's claims under the Miller Act and Alabama Timely Payment to Contractors and Subcontractors Act.

After reviewing the entire record, and construing the facts in favor of the plaintiff, this Court finds that defendant Hartford is entitled to summary judgment as a matter of law and defendant JLM is entitled to summary judgment on the two claims.

1.   Miller Act

The Miller Act has a statute of limitations of "one year after the day on which the last of the labor was performed or materials supplied." 40 U.S.C. § 270b(b). According to affidavit testimony of JLM's president, no labor was performed or materials were supplied under the contract after September 2, 1997. See Williams Aff. ¶ 5. Plaintiff, on the other hand, has submitted an affidavit of its president and a job report that state that the last wok it performed under the August 20, 1998 was the last date of work. The work performed on the latter date consisted of resetting the CT ratio on gas circuit breaker 414.

Controlling case law holds that "as a general rule, repairs do not toll the notice period in Miller Act cases." Southern Steel Co., Inc. v. United Pacific Ins. Co., 935 F.2d 1201, 1204 (11th Cir. 1991). Factors to be considered in determining whether certain work constitutes "repairs" for Miller Act suit purposes "'include [1] the value of the materials [or labor], [2] the original contract specifications, [3] the unexpected nature of the work, and [4] the importance of the materials [or labor] to the operation of a system in which they are used'." Southern Steel Co., Inc. v. United Pacific Ins. Co., 935 F.2d at 1204-1205, quoting United States ex rel. Geogia Electric Supply Co. v. United States Fidelity and Guaranty Co.,

3

656 F.2d 993, 996 (5th Cir. 1981).

Applying the above factors, the Court is convinced that the work completed by plaintiff's technician did not constitute work prescribed by the specifications of JLM's contract. It was completed several months after the one-year warranty period and the work was unexpected because it was due to plaintiff's error, not defendants. Similarly, the resetting of the CT ratio on a gas circuit breaker was not of such importance to the operation of the electrical system to toll the limitations period. The system had been subject to a final inspection in February 1997 and the completed work was not attributable to any deficiency found and required to be corrected as a result of the final inspection. Furthermore, the <u>de minimis</u> value of the work is reflected in the fact that plaintiff failed to submit an invoice for the work. Therefore, the work constituted repair work, insufficient to toll the statute of limitations. Defendants are, therefore, entitled to summary judgement on this claim.

2. Alabama Timely Payment to Contractors and Subcontractors Act Claim

This act contains no prescribed period of limitations. Alabama's catchall statute of limitations provides: "[a]ll actions qui tam or for a penalty given by statute to the party aggrieved, unless the statute imposing it prescribes a different limitation, must be brought within two years." Ala. Code (1975), § 6-2-38(j).

Plaintiff's original invoice upon which it predicates its claims was dated and issued on March 21, 1997, and received by JLM on March 31, 1997. This complaint was filed on August 18, 1999.

Plaintiff has offered no evidence placing these facts in dispute. Accordingly,

defendant JLM is due summary judgment on this claim.

For these reasons, Hartford's motion for summary judgment and JLM's motion for partial summary judgment will be granted.

DONE this 21st day of July 2000.

_____
United States District Judge
U. W. Clemon